IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL TYREE HOLLIDAY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1310-CFC |
| CHRISTINE CLAUDIO, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington on this Twelfth day of February in 2024, having considered Defendant's motion to dismiss (D.I. 29), and Plaintiff's requests for appointed counsel (D.I. 35, 36, 38, 46);

1. On September 15, 2021, Plaintiff Emmanuel Tyree Holliday, currently incarcerated at the Sussex Correctional Institution, filed this action. (D.I. 3) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) On February 7, 2023, following an administrative dismissal and eventual reopening of the case, the Court screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B), and entered a service order. (D.I. 18) On June 26, 2023, Defendant Claudio filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 29).

2.      The legal standard used when screening cases for failure to state a claim pursuant to §1915A(b) and § 1915(e)(2)(B)(ii) is identical to the Rule 12(b)(6) dismissal standard.  *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).  Nothing has changed since the Complaint was screened.  In addition, the Court must liberally construe the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In doing so, the Court concludes that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, denies the motion.[1]

---

[1] Defendant argues for dismissal of Plaintiff's claims for money damages in part on the ground that Plaintiff was a pretrial detainee at the time of his allegations, and therefore did not enjoy Eighth Amendment protection.  Although Plaintiff's Complaint grounds his protection in the Eighth Amendment, he was entitled as a pretrial detainee to at least the same protections, if not more, under the Fourteenth Amendment.  *See Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (per curiam) (holding that a complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (holding that "the Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment"); *see also Parker v. Butler Cnty.*, 832 F. App'x 777, 780 n.1 (3d Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's claims, because "[w]hile [plaintiff's status as a pretrial detainee] affects the source of his constitutional right, it does not dramatically affect the substance of our analysis here.").  As to Plaintiff's claim for injunctive relief, Defendant urges dismissal on mootness grounds based on Defendant's assertion that the surgical consultation Plaintiff sought took place on November 16, 2021. Defendant's argument, necessarily bereft at this stage of the proceedings of a record citation, is unavailing.

3.  Plaintiff previously requested appointed counsel twice (D.I. 24, 28) and those requests were denied without prejudice. (D.I. 34) His four latest requests for appointed counsel (D.I. 35, 36, 38, 46) will also be denied without prejudice.

Now therefore, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss (D.I. 29) is **DENIED**.

2.  Plaintiff's requests for appointed counsel (D.I. 35, 36, 38, 46) are **DENIED without prejudice to renew**.

3.  Defendant is directed to file an answer within twenty-one (21) days of the date of this Memorandum Order.

                                              */s/ Colm F. Connolly*
                                                      Chief Judge